1  **WO**

2

3

4

5  **NOT FOR PUBLICATION**

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

8

9  Janiece D. Stamper,                    )   No. CV-07-1260-PHX-FJM
                                          )
10           Plaintiff,                   )   **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Michael J. Astrue, Commissioner of Social )
13  Security Administration,              )
                                          )
14           Defendant.                   )
                                          )
15  _____    )

16

17

18      Plaintiff brought this action seeking judicial review of the Social Security

19  Administration's decision that she is not eligible for disability benefits.  The court now has

20  before it plaintiff's motion for summary judgment (doc. 17), defendant's response (doc. 18)

    and cross motion (doc. 19), and plaintiff's response and reply (doc. 24).  For the reasons set
21
    forth below, we reverse the Commissioner's ruling and remand for an award of benefits.
22
        Plaintiff applied for disability benefits on February 25, 2003, alleging a disability
23
    onset date of July 30, 2002, due to bronchiectasis, chronic lung and sinus infections, chronic
24
    headaches, including migraines, epilepsy, fibromyalgia, ulcers, depression and anxiety.  The
25
    Administrative Law Judge ("ALJ") initially denied the application for benefits on June 8,
26
    2005.   On November 17, 2005, the Appeals Council vacated the ALJ's decision and
27
    remanded the case for a new hearing and decision.  On May 22, 2006, the ALJ again
28

1    concluded that plaintiff was not disabled and denied benefits.  This decision became the final

2    decision of the Commissioner when the  Appeals Council denied plaintiff's request for

3    review.  Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

4          An ALJ's decision to deny benefits will be overturned "only if it is not supported by

5    substantial evidence or is based on legal error."  Morgan v. Comm'r of Soc. Sec. Admin.,

6    169 F.3d 595, 599 (9th Cir. 1999).  Substantial evidence is "such relevant evidence as a

7    reasonable mind might accept as adequate to support a conclusion."  Id.  Under this standard,

8    an ALJ's findings must be upheld "if supported by inferences reasonably drawn from the

9    record," even where "evidence exists to support more than one rational interpretation."

10   Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

11         The ALJ concluded that plaintiff retains the residual functional capacity ("RFC") to

12   perform light, unskilled work with a sit/stand option.  Tr. 54.  He also determined that

13   plaintiff cannot return to her past relevant work because it exceeded her RFC for light,

14   unskilled work, but based on the testimony of the vocational expert, he concluded that there

15   are jobs that exist in the national economy in significant numbers that plaintiff can perform,

16   such as cashier or surveillance system monitor.  Tr. at 58.  Accordingly, the ALJ held that

17   plaintiff is not disabled within the meaning of the Social Security Act and is therefore

18   ineligible for benefits.  Id.

19         Plaintiff now argues that the ALJ failed to properly consider all of her impairments

20   and symptoms in determining her RFC as required by 20 C.F.R. § 404.1545.  Specifically,

21   she contends that the ALJ failed to consider her allegations of chronic pain and fatigue, her

22   disabling chronic headaches, gastrointestinal and pulmonary problems, periodic lung/sinus

23   infections, as well as her allegations of memory and concentrations problems.  Reply at 2.

24         An "ALJ must make a credibility determination with findings sufficiently specific to

25   permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."

26   Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002).  "General findings are insufficient."

27   Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).  Without affirmative evidence that the

28   claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be

clear and convincing, and must specifically identify what testimony is credible and what record evidence undermines the claimant's complaints. Id.

Plaintiff testified that she suffers from chronic and recurrent lung and sinus infections that have caused regular absences from work. PSOF ¶ 5. During the period of 2002 through 2005, she alleges to have suffered five separate pseudomonas infections of the lungs and sinuses that lasted three to four months at a time. She suffers sinus pain and drainage, shortness of breath, earaches, and ear infections. PSOF ¶ 9. In addition, she suffers from chronic headaches, including migraines, multiple times per week. PSOF ¶ 4(c). She testified that she spends most of her waking hours in her bedroom, either sleeping or watching television, "try[ing] not to have a headache." PSOF ¶ 13. She lives with her parents and rarely leaves the home, may go to the store to pick up her medications, and misses most family events. She does no cooking or cleaning, relying on her parents to care for her. PSOF ¶¶ 11-13.

The ALJ rejected plaintiff's allegations regarding the severity of her symptoms and extent of her functional limitations. Tr. 56. In support of this conclusion, the ALJ broadly concluded that plaintiff's allegations are not "supported by the objective medical evidence of record." Id. However, a claimant's statements about the intensity or debilitating effects of her pain may not be disregarded merely because the allegations are not confirmed by objective medical evidence. Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991). The ALJ failed to identify any inconsistencies between plaintiff's complaints and the medical evidence. There is no citation to the medical record and no reference to specific allegations that the ALJ found not credible. This is insufficient to satisfy the requirement that an ALJ provide "specific, cogent reasons for disbelief." Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006).

The ALJ also rejected plaintiff's subjective complaints because she has suffered bronchiectasis and chronic sinusitis since early childhood but was previously able to engage in substantial gainful activity despite these impairments. Tr. 56. However, the ALJ did not compare the severity of these impairments before and after the alleged onset date; consider

1   the medical evidence establishing the worsening severity of the impairments; account for
2   plaintiff's inconsistent work record exhibited throughout her adult life, Tr. 144; or take into
3   account plaintiff's other medically determinable impairments which, when considered in
4   combination, were identified by the ALJ as severe within the meaning of the regulations, Tr.
5   54. This explanation is insufficient to discredit plaintiff's subjective complaints.

6       The ALJ also rejected plaintiff's allegations because the record "shows that the
7   claimant's seizure disorder[1] and headaches were under control with medications during the
8   time period under consideration." Tr. 56. He noted only that, on April 20, 2001, Dr. Harry
9   Tamm reported that plaintiff's migraine headaches responded to medication and that she
10  believed her medical regimen was working. Tr. 55; Tr. 266-67. However, subsequent to Dr.
11  Tamm's report, and throughout the relevant time frame, the record establishes an ongoing
12  problem with frequent headaches and debilitating migraines. See, eg., Tr. 250 ("migraines
13  getting worse"), Tr. 309 ("chronic migraine headaches"), Tr. 357 (frequent migraines), Tr.
14  382 ("headaches are daily"), Tr. 386 ("She now comes in for several months of headaches.'),
15  Tr. 397 ("headaches persist"), Tr. 399 ("once or twice a week debilitating migraine
16  headaches"). The ALJ's conclusion that plaintiff's "headaches were under control with
17  medications during the time period under consideration," Tr. 56, is contradicted by the
18  record.

19      Finally, and again without citation to the record or discussion of the specific
20  inconsistencies, the ALJ stated that "the objective medical evidence fails to establish a reason
21  that her [daily living] activities would be limited to the extent she alleged." Tr. 56. It is not
22  enough, however, to say that a claimant's subjective complaints are not confirmed by the
23  objective medical evidence. Instead, the ALJ is required to identify what record evidence
24  undermines the claimant's complaints. Without more, we cannot conclude that the ALJ's
25  decision is supported by substantial evidence.

26

27
28      [1]Plaintiff acknowledges that her seizures are controlled with medication and states that
    the seizure disorder has never been the primary focus of her claim. Reply at 3.

1       The ALJ not only failed to properly address plaintiff's complaints of frequent
2   headaches and migraines, but also failed to consider her complaints of debilitation resulting
3   from chronic sinus and lung infections, as well as the associated pain and fatigue.  Of even
4   greater significance, however, the ALJ failed to address treating physician Steven Bair's
5   conclusion that plaintiff is unable to work.  Tr. 324.

6       On initial review, the Appeals Council vacated the ALJ's decision and remanded the
7   action in part because the "evaluation of subjective complaints included little specific
8   discussion."  Tr. 82.  The Appeals Council instructed the ALJ to further evaluate on remand
9   "the claimant's subjective complaints and provide rationale in accordance with the disability
10  regulations pertaining to evaluation of symptoms (20 C.F.R. 404.1529)."  Tr. 83.  The ALJ's
11  evaluation on remand again falls short of the requirement that he make specific findings
12  identifying record evidence that undermines plaintiff's complaints.

13      "[W]here the ALJ improperly rejects the claimant's testimony regarding [her]
14  limitations, and the claimant would be disabled if [her] testimony were credited, we will not
15  remand solely to allow the ALJ to make specific findings regarding that testimony" but will
16  remand for an award of benefits.  Lester, 81 F.3d at 834 (quotation omitted).  Here, taking
17  the plaintiff's testimony as true, the ALJ would be required to award benefits.  See Tr. 38-39
18  (vocational expert testified that accepting plaintiff's testimony as true, she would be unable
19  to work).  Because there is no further issue of evidence to consider on remand, we remand
20  to the Commissioner for a calculation and award of benefits.

21      **IT IS ORDERED DENYING** defendant's motion for summary judgment (doc. 19).
22  **IT  IS FURTHER ORDERED GRANTING** plaintiff's motion for summary judgment
23  (doc. 17), and, pursuant to the fourth sentence of 42 U.S.C. § 405(g), reversing the

24
25
26
27
28

1  Commissioner's denial of benefits, and remanding the case for an immediate award of

2  benefits.  The clerk shall enter final judgment.

3

4      DATED this 10th day of June, 2008.

5

6

7

8

9  _____
   Frederick J. Martone
10  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28