**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janiece D. Stamper, ) | No. CV-07-1260-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Michael J. Astrue, Commissioner of the ) Social Security Administration, ) | |
| Defendant. ) | |

The court has before it plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (doc. 30), and defendant's response (doc. 32).

On June 27, 2007, plaintiff filed a complaint for judicial review of the Commissioner's determination that she is not eligible for disability benefits under the Social Security Act. On June 11, 2008, we concluded that the decision was not supported by substantial evidence in the record and remanded the case for immediate payment of benefits (doc. 25). On remand, the Commissioner awarded past due benefits in the amount of $72,930.72. The Commissioner withheld 25% of that award, or $18,232.68, as a fund from which fees under both 42 U.S.C. § 406(a) (fees incurred at administrative level) and § 406(b) (fees incurred upon judicial review) may be paid. Counsel acknowledges that he has already received $8,500.00 under § 406(a) for his administrative work. After our remand, and

pursuant to a stipulation between the parties, we awarded plaintiff $5,800.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. 29).

Plaintiff's counsel now seeks fees pursuant to 42 U.S.C. § 406(b) in the amount of $9,732.68. Under § 406(b), when a claimant obtains a favorable judgment under the Social Security Act, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). The court provides "an independent check" to assure that contingency fee agreements between Social Security claimants and their lawyers will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828 (2002).

Here, plaintiff retained counsel under a contingency-fee agreement whereby plaintiff agreed to pay counsel 25% of any past-due benefits that counsel recovered. Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling," Id. at 808, 122 S. Ct. at 1829. Instead, we will "review for reasonableness fees yielded by those agreements." Id. Counsel now seeks § 406(b) fees in the amount of $9,732.68 for 37.8 hours of work performed in the district court, resulting in an hourly rate of $257.48. Given the risk inherent in a contingency fee arrangement, as well as the Commissioner's recognition that nothing suggests that counsel should be deprived of the benefit of his bargain with plaintiff, Response at 4, we conclude that this hourly rate is within the bounds of reasonableness.

**IT IS ORDERED GRANTING** plaintiff's motion for an award of attorney's fees in the amount of $9,732.68 (doc. 30). Counsel shall refund to plaintiff $5,800.00, the amount previously awarded under the EAJA.[1]

DATED this 9th day of October, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[1] Congress permits fee awards under both the EAJA and § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796, 122 S. Ct. at 1822 (quotation omitted).